# United States Court of Appeals
## For the First Circuit

No. 09-2417

RUTH RIVERA-COLÓN,

Plaintiff, Appellant,

v.

KAREN G. MILLS,
ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION,

Defendant, Appellee,

UNITED STATES ET AL.,
Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, U.S. District Judge]

---

Before

Torruella, Leval,[*] and Lipez,
Circuit Judges.

---

Daliah Lugo Auffant, with whom Pérez Vargas & Lugo Auffant Law
Offices, was on brief for appellant.
Beverley E. Hazlewood, Trial Attorney, Office of General
Counsel, U.S. Small Business Administration, with whom Rosa Emilia
Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa,
Assistant United States Attorney, Chief, Appellate Division, were
on brief for appellee.

---

[*] Of the Second Circuit, sitting by designation.

February 15,2011

**LEVAL**, **Circuit Judge**.  Plaintiff Ruth Rivera-Colón ("Rivera") appeals from the judgment of the United States District Court for the District of Puerto Rico, dismissing her claims against her employer, the United States Small Business Administration ("SBA"). Rivera alleged that the SBA violated Title VII, 42 U.S.C. §§ 2000e-2000e-17 by retaliating against her for her complaints about gender discrimination and sexual harassment in the agency.  The district court granted summary judgment to the defendant.  We affirm.

## BACKGROUND

### I. Rivera's Suspension

We view the facts in the light most favorable to the party opposing summary judgment. See, e.g., Rosario v. Dep't of Army, 607 F.3d 241, 242 (1st Cir. 2010).  Rivera began working in the SBA's Disaster Program in Puerto Rico in 1989.  By 2002, Rivera became engaged in a series of disputes with Ivan Irizarry, District Director of her region, and Efrain Pardo, Deputy District Director. On June 21, 2002, Rivera had a disagreement with Pardo over whether she had properly requested time off from work.  On September 3, 2002, Pardo reprimanded her for contacting SBA personnel in Washington regarding concerns she had about a training course without first bringing the matter to Pardo's attention.  On September 17, 2002, Rivera filed an internal complaint against Pardo alleging a variety of grievances.

In November 2002, Rivera submitted an anonymous administrative complaint against Pardo and Irizarry, alleging that they practiced sexual harassment and gender discrimination. Her anonymous complaint charged that these senior managers were demanding sexual favors from female employees and favoring those who were compliant. An ad hoc committee determined that the complaint lacked merit, and Rivera then withdrew it.

On February 20, 2003, Pardo witnessed Rivera questioning the qualifications of presenters at a training session on telecommuting in a hostile and, in his assessment, unprofessional manner. An SBA attorney sent Pardo a memo expressing concern over Rivera's conduct at the session. In addition, union representatives also reported employee complaints about Rivera's attempts to dissuade employees from participating in the telecommuting program.

On March 25, 2003, Pardo proposed that Rivera receive a two-day suspension as punishment for her unprofessional conduct at the training session. On April 3, 2003, Rivera submitted a written response. She offered no evidence that might refute the charges, but stated that she disagreed with the suspension and suspected that it was discriminatory. On April 24, 2003, Irizarry imposed the suspension.

Rivera testified that on May 20, 2003, she was told by a co-worker that it was widely known throughout the office that it was she who had anonymously accused Pardo and Irizzary of sexual

harassment and that the coworker believed her suspension was discriminatory. In support of summary judgment, the SBA submitted evidence that, prior to May 20, 2003 (which was after the imposition of the suspension), the supervisors who imposed the suspension were not aware that Rivera submitted a complaint against them. Accordingly, the SBA asserted that her anonymous complaint cannot have been the cause of her suspension. Rivera acknowledged that she did "not know the exact date Pardo and Irizarry were made aware of her previous informal sexual harassment complaint, but has reason to believe they were aware of it prior to her suspension, since there were copies of the complaint circulating around the office." Rivera acknowledged that she did not "know for sure" that Irizarry and Pardo had learned about her complaint prior to May 20, 2003.

## II. Rivera's Reassignment and Termination

On September 9, 2003, the SBA entered into a memorandum of understanding with the American Federation of Government Employees ("AFGE") to transfer SBA employees nationwide who spent more than 25 percent of their time on "liquidation functions" to a facility in Herndon, VA. Rivera had previously reported in a survey that she spent 35 percent of her time on liquidation, which put her above the 25 percent threshold for transfer to Herndon. On September 10, 2003, the SBA sent a letter to 170 employees

including Rivera offering "separation incentives" if they decided against relocating to Herndon.

On December 1, 2003, Monika Harrison, the SBA's Chief Human Capital Officer, sent Rivera a notice requesting that she either accept or decline the reassignment to Herndon within 15 days. Rivera did not accept the reassignment within the time specified, whereupon the SBA sent her another letter establishing a new response deadline of January 5, 2004. Rivera was instructed to respond to John Whitmore, a counselor to the SBA Administrator. On the January 5, 2004 deadline, Rivera wrote to Whitmore requesting an exemption from the transfer based on health and personal concerns. Whitmore replied on the following day that he could not grant this request, and that Rivera would be terminated on January 24, 2004 due to her failure to accept the transfer.

## III. Rivera's Complaint

Rivera brought this action against the SBA in May 2006. The suit alleged that the SBA had discriminated on the basis of gender in suspending her in May 2003 and in terminating her in January 2004. The suit also claimed that her suspension, reassignment, and termination were in retaliation for her anonymous complaint of sexual harassment. She demanded reinstatement to her position, compensatory damages, punitive damages, and attorney's fees and costs. The district court granted summary judgment dismissing all

her claims.  Rivera appeals only from the dismissal of her retaliation claims.


**DISCUSSION**

**I. Standard of Review**

We review the district court's grant of summary judgment <u>de novo</u>. <u>Barton</u> v. <u>Clancy</u>, No. 08-2479, 2010 WL 117261, at *6 (1st Cir. Jan. 14, 2011). Rivera's retaliation claims arise under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-3 (2006). To justify summary judgment, the moving party must show entitlement to judgment as a matter of law. Fed. R. Civ. P. 56a(c)(2) ("The judgment sought should be rendered if . . . there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  If the moving party initially meets this burden, the opposing party can then defeat the motion by showing that there is a genuine issue of material fact. <u>Id</u>.  In evaluating whether there is a genuine issue of material fact, the court examines the record - pleadings, affidavits, depositions, admissions, and answers to interrogatories - viewing the evidence in the light most favorable to the party opposing summary judgment. See <u>Reeves</u> v. <u>Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000); <u>Celotex Corp.</u> v. <u>Catrett</u>, 477 U.S. 317, 323-24 (1986).

---

[1] Citations to Rule 56 refer to the version that was in effect at the time of the judgment and not to the revision of December 1, 2010.

Unsupported allegations and speculation do not demonstrate either entitlement to summary judgment or the existence of a genuine issue of material fact sufficient to defeat summary judgment. See Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000); see also Fed. R. Civ. P. 56(e)(1) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

## II. Retaliation Claims

## A. Suspension as Retaliation

Under Title VII's anti-retaliation provisions, a plaintiff must plead a prima facie case consisting of three elements: that the plaintiff engaged in an activity that is protected by the statute; that the plaintiff suffered an adverse employment action; and a causal link between the protected activity and the adverse employment action. See 42 U.S.C. § 2000e-3; Gu v. Boston Police Dep't, 312 F.3d 6, 14 (1st Cir. 2002).

The defendant can support a motion for summary judgment by showing that the adverse employment action was taken for a non-retaliatory reason. See Collazo v. Bristol-Myers Squibb Mfg., Inc., 617 F.3d 39, 46 (1st Cir. 2010). In such case, the plaintiff can defeat summary judgment by showing evidence sufficient to raise

a material issue of fact as to whether retaliation was in fact a cause of the adverse action.

The defendant made a showing that Rivera's suspension cannot have been motivated by retaliation for Rivera's anonymous complaint because she was suspended before the supervisors who imposed the suspension learned she was the source of the anonymous complaint.

The district court determined that Rivera failed to raise a material issue of fact rebutting the defendant's showing because she offered nothing to contradict the defendant's evidence that Pardo and Irizarry imposed the suspension before learning of the complaint. By Rivera's own admission, she was uncertain when Pardo and Irizarry learned that she was the source of the complaint and had no evidence that they learned before May 20, 2003. Given Rivera's failure to dispute effectively the SBA's evidence that the supervisors were unaware of her complaint when they imposed the suspension, the district court correctly determined that Rivera failed to raise a genuine issue of material fact. The district court's grant of summary judgment as to the suspension was thus appropriate.

## B. Reassignment and Termination as Retaliation

Rivera further claims that her reassignment to Herndon and her termination when she refused the reassignment were in retaliation for both her anonymous complaint and a formal charge she filed with the EEOC in June 2003. The SBA, however, showed in support of its

motion for summary judgment that the reassignment and termination were done under a generally applicable policy that covered large numbers of employees. Rivera failed to submit evidence that could raise a question of material fact as to the cause of her reassignment and termination. We conclude that the district court properly granted summary judgment.

We have considered Rivera's other claims of error and find no merit in them.

## CONCLUSION

The district court's decision is affirmed.